

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 9, 1960

This Opinion
Overrules Opinion
_____ 569
which conflicts

Colonel Thomas C. Green
Member Secretary
Texas State Board of Registration
 for Professional Engineers
Austin, Texas

Opinion No. WW-900

Re: Does the license of a Regis-
tered Professional Engineer
legally permit him to engage
in the practice of land sur-
veying or the practice of land
measurement under circumstances
stated.

Dear Colonel Green:

Your letter requesting an opinion of this office has
been received and reads in part as follows:

"Does the license of a Registered
Professional Engineer legally permit him
to engage in the practice of land survey-
ing or the practice of land measurement,
according to established recognized methods,
engaged in their practice as Registered
Professional Engineers, or services available
to the public, generally, for compensation
when such services are comprised of, among
other things, the determination by means of
surveying of the location or relocation of
land boundaries and land boundary corners;
the calculation of areas; the preparation
of field note descriptions of surveyed land;
the preparation of maps, showing the boun-
daries and areas of the subdivision of tracts
of land and smaller tracts; the preparation
of official plats or maps of said land or
subdivision in compliance with the laws of
the State of Texas and political subdivisions

thereof; of such other duties as sound
engineering practices and principles
would deem necessary?"

The answer to your request requires a thorough
analysis and construction of both Articles 3271a and
5282a, Vernon's Civil Statutes.

The purpose of Article 3271a is indicated by Sections 1 and 2 of the Act, set forth below:

"Section 1. That in order to safeguard life, health, and property, any person
practicing or offering to practice the profession of engineering as hereinafter defined
shall hereafter be required to submit evidence
that he is qualified so to practice and shall
be registered as hereinafter provided; and it
shall be unlawful for any person to practice or
offer to practice the profession of engineering
in this State, or to use in connection with his
name or otherwise assume, use, or advertise any
title or description tending to convey the impression that he is a professional engineer unless such person has been duly registered or
exempted under the provisions of this Act.

"Sec. 2. The term professional engineer
as used in this Act shall mean a person who, by
reason of his knowledge of mathematics, the physical sciences, and the principles of engineering, acquired by professional education and practical experience, is qualified to engage in engineering practice as hereinafter defined.

"The practice of professional engineering
within the meaning and intent of this Act includes any professional service, such as consultation, investigation, evaluation, planning,
designing, or responsible supervision of construction in connection with any public or
private utilities, structures, buildings,
machines, equipment, processes, works, or projects, wherein the public welfare, or the
safeguarding of life, health, or property is

concerned or involved, when such professional service requires the application of engineering principles and interpretation of engineering data.

"The term 'Board' as used in this Act shall mean the State Board of Registration for Professional Engineers, provided for by this Act."

The first paragraph of Section 15 of the Act reads as follows:

"Sec. 15.   The Board shall issue a certificate of registration upon payment of registration fee as provided for in this Act, to any applicant, who, in the opinion of the Board, has satisfactorily met all the requirements of this Act.  In case of a registered engineer, the certificate shall authorize the practice of professional engineering.  Certificates of registration shall show the full name of the registrant, shall have a serial number, and shall be signed by the Chairman and the Secretary of the Board under seal of the Board. The issuance of a certificate of registration by this Board shall be evidence that the person named therein is entitled to all rights and privileges of a registered professional engineer, while the said certificate remains unrevoked or unexpired."

It is clear that the Legislature intended that everyone who desired to practice engineering should first show that he was qualified to do so to the satisfaction of the Board of Registration for Professional Engineers.  If the Board agreed that the applicant was so qualified, then it would issue the applicant a certificate authorizing him to practice as a registered professional engineer.

The practice of professional engineering includes several fields, or areas, in all of which engineering principles are applied.  One of these fields is generally referred to as "civil engineering."  This field includes such work as highway design and layout, design and construction of drainage systems, mapping and surveying.  See

Journal of the Surveying and Mapping Division, Proceedings of the American Society of Civil Engineers, Vol. 85, No. Su 1, September, 1959.

The Legislature, when passing Article 3271a, obviously felt that surveying was included within the practice of engineering, as is evidenced by the wording of Section 25:

"Sec. 25. All laws or parts of laws in conflict with the provisions of this Act shall be and the same are hereby repealed. Provided, however, that this Act shall not be construed as repealing or amending any law affecting or regulating licensed state land surveyors; and such licensed state land surveyors in performing their duties as such shall not be subject to the provisions of this Act; nor shall this Act be construed to affect or prevent the practice of any other legally recognized profession by the members of such profession licensed by the State or under its authority. Acts 1937, 45th Leg., p. 816, ch. 404."

It is noted that the Legislature did not exclude the practice of surveying itself from the coverage of the Act, but only such surveying as was performed by licensed state land surveyors. In other words, all other surveying, when involving life, health or property, must be done by registered professional engineers under the terms of Article 3271a.

In 1955, because some individuals with little or no qualification had been attempting to perform various kinds of surveying for the general public, and because the Legislature also felt the need to authorize qualified individuals to do certain types of surveying which theretofore had been performed legally only by registered professional engineers, the Legislature passed Article 5282a, referred to as the Registered Public Surveyors Act. This Act provides that individuals who meet the qualifications set forth in the Act, to the satisfaction of the State Board of Registration for Public Surveyors, may engage in public surveying as defined by the Act.

Section 11 of the Registered Public Surveyors Act reads as follows:

"Sec. 11. All laws or parts of laws in conflict with the provisions of this Act shall be and the same are hereby repealed. Provided, however, that this Act shall not be construed as repealing or amending any laws affecting or regulating licensed state land surveyors or registered professional engineers, and such licensed state land surveyors or registered professional engineers in performing their duties or profession as such shall not be subject to the provisions of this Act; provided further that registration under this Act shall not of itself qualify the registrant to conduct surveys of Public Lands under the provisions of Article 5299, Revised Civil Statutes, nor to make any surveys, the field notes of which are to be filed in the General Land Office of Texas; nor shall this Act be construed to affect or prevent the practice of any other legally recognized profession by the members of such profession licensed or registered by the State or under its authority."

The language in this Section is clear and unambiguous, and states that this Act does not apply to either licensed state land surveyors or registered professional engineers when performing their duties or profession. This Section goes even further and states that this Act shall not affect the practice of any legally recognized profession by the members of that profession who have been licensed under the authority of the State.

It is noted that the title of the Registered Public Surveyors Act, in referring to Section 11 (above-quoted), states only:

". . .; repealing laws in conflict; . . .",

and says nothing concerning the exceptions provided for in Section 11. However, the great weight of authority is that exceptions to the provisions of a statute need not be set out in the title of the statute.

"Mere limitations and restrictions by proviso, on the general scope of the law as indicated by the body of the act, ordinarily relate and are germane to its general object and are of general and universal use, though no references

are made to them in the title of the act.
To require every limitation or qualifica-
tion contained in the act to be expressed
in the title, would require the title to
be almost as long as the act itself."
Austin v. G.C. & S.F.RR. Co., 45 Tex. 234
(Sup. Ct. 1876).

"It is generally held that exceptions
need not be set out in the caption of an
act." Pottorff v. El Paso-Hudspeth Counties
Road Dist. of Texas, et al, 62 Fed. 2d 498
(Cir. Ct. of Appeals, 5th Cir., 1933).

Articles 3271a and 5282a must be construed together,
bearing in mind the fundamental rule of statutory construc-
tion as set forth in City of Mason v. West Texas Utilities
Co., 150 Tex. 18, 237 S.W. 2d 273 (1951):

"The fundamental rule controlling the
construction of a statute is to ascertain
the intention of the Legislature expressed
therein. That intention should be ascertain-
ed from the entire act, and not from isolated
portions thereof. This Court has repeatedly
held that the intention of the Legislature in
enacting a law is the law itself; and hence
the aim and object of construction is to as-
certain and enforce the Legislative intent,
and not to defeat, nullify or thwart it."

It is the clear intention of the Legislature that
registered professional engineers, when acting within their
profession, are not to be affected by the provisions of the
Registered Public Surveyors Act. Therefore, the license
of a registered professional engineer does legally permit
him to engage in the practice of land surveying and land
measurement under the circumstances stated in your request
as quoted above.

The foregoing conclusion shall prevail over any views
to the contrary expressed in Attorney General's Opinion No.
WW-569.

## SUMMARY

The license of a Registered Professional Engineer
does legally permit him to engage in the practice
of land surveying and the practice of land measure-
ment under the cirumstances stated.

The foregoing conclusion shall prevail over any views to the contrary expressed in Attorney General's Opinion No. WW-569.

Yours very truly,

WILL WILSON
Attorney General of Texas

Phocion S. Park, III
Assistant

PSP:mm


APPROVED:

OPINION COMMITTEE
J. C. Davis, Chairman

Henry G. Braswell
Marietta Payne
H. Grady Chandler
Byron F. Fullerton

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Leonard Passmore